## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement (the "Agreement") is entered into between:

(a) Joanci Omar Camacho Rivera (referred to as "Plaintiff"); and
(b) Island Gas Plus Inc. (d/b/a Grab N Go Mini Mart) ("Grab N Go") together with its past, present and future parent organizations, subsidiaries, affiliated entities, related companies and divisions and each of their respective past, present and future officers, directors, employees, shareholders, trustees, members, partners, employee benefit plans (and such plans' fiduciaries, agents, administrators and insurers), attorneys, insurers, and agents (individually and in their official capacities), Ismet Hamzacebi ("Ismet") and Yildiray Hamzacebi ("Yildiray") as well as any predecessors, future successors or assigns or estates of any of the foregoing (Grab N Go, Ismet, and Yildiray collectively referred to as the "Released Parties").

WHEREAS, the Plaintiffs have filed a Complaint against Grab N. Go, Ismet, and Yilidary (collectively referred to as "Defendants") in the matter captioned *JOANCI OMAR CAMACHO RIVERA, individually and on behalf of others similarly situated, v. ISLAND GAS PLUS INC. (d/b/a GRAB N GO MINI MART), ISMET HAMZACEBI, and YILDIRAY HAMZACEBI*, Civil Action No. 15-cv-4611 (RRM) (PK) (currently pending in the United States District Court for the Eastern District of New York (the "Litigation"); and

WHEREAS, Defendants deny any wrongdoing and deny all allegations in the Litigation; and

WHEREAS, the parties hereto have agreed to finally and fully settle all claims that were or could have been asserted against each other in the Litigation or otherwise upon the terms and conditions set forth herein; and

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

1. Separation of Employment. Plaintiff acknowledges and understands that, except as otherwise provided in this Agreement, Plaintiff has received all compensation and benefits to which Plaintiff is entitled or were otherwise provided or granted as a result of Plaintiff's employment. Plaintiff understands that, except as otherwise provided in this Agreement, Plaintiff are entitled to nothing further from Grab N Go, including reinstatement by Grab N Go, or any future or deferred compensation or consulting fees or any other amounts. Plaintiff agrees that, other than enforcing his rights under this Agreement, Plaintiff will not seek anything further from Grab N Go, including, without limitation, any future or deferred compensation or consulting fees or any other amounts, fees or compensation.

2. Plaintiff's General Release of the Released Parties. In consideration of the payments set forth in Section 3 below, Plaintiff hereby unconditionally and irrevocably releases,

*PK* concerning wage and hour matters

*PK* waives, discharges and gives up, to the full extent permitted by law, any and all Claims ~~(as defined below)~~ that Plaintiff may have against the Released Parties, arising on or prior to the date of Plaintiff's execution and delivery of this Agreement. ~~"Claims" means any and all actions, charges, controversies, demands, causes of action, suits, rights, and/or claims whatsoever for debts, sums of money, wages, salary, severance pay, expenses, commissions, fees, bonuses, unvested stock options, vacation pay, sick pay, fees and costs, attorneys' fees, losses, penalties, damages, including damages for pain and suffering and emotional harm, arising, directly or indirectly, out of any promise, agreement, offer letter, contract, understanding, common law, tort, the laws, statutes, and/or regulations of the State of New York or any other state and the United States, including, but not limited to, federal and state wage and hour laws (to the fullest extent waiveable), federal and state whistleblower laws, federal and state False Claims Acts, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Lilly Ledbetter Fair Pay Act of 2009, the Equal Pay Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act (excluding COBRA), the Vietnam Era Veterans Readjustment Assistance Act, the Fair Credit Reporting Act, the Age Discrimination in Employment Act ("ADEA"), the Older Workers' Benefit Protection Act, the Occupational Safety and Health Act, the Sarbanes-Oxley Act of 2002, the New York Labor Law, the New York Minimum Wage Act, the New York State Human Rights Law, the New York City Human Right Law, the New York Executive Law, and the New York Civil Rights Law, as each may be amended from time to time, whether arising directly or indirectly from any act or omission, whether intentional or unintentional. This releases all Claims including those of which Plaintiff is not aware and those not mentioned in this Agreement.~~ *PK* Plaintiffs specifically releases any and all Claims arising out of Plaintiff's employment with Grab N Go or separation therefrom, including those claims asserted or that could have been asserted in the Litigation, and including, without limitation, any and all claims to monetary recovery to which Plaintiff might be entitled in connection with any potential class action claims that may be filed on behalf of any purported class to which Plaintiff is a member as a result of Plaintiff's employment with Grab N Go. ~~Plaintiff expressly acknowledges and agrees that, by entering into this Agreement, Plaintiff is releasing and waiving any and all rights or Claims, including, without limitation, Claims that Plaintiff may have arising under ADEA, that have arisen on or before the date of Plaintiff's execution and delivery of this Agreement.~~ *PK* Similarly, Defendants release and discharge Plaintiff from any and all claims, and liabilities related to Plaintiff's employment with Defendants that Defendants have, had or claimed to have against Plaintiff regarding events that have occurred as of the Effective Date of this Agreement.

    3. **Payments.**  As good consideration for Plaintiff's execution, delivery, and non-revocation of this Agreement and their related dismissal, with prejudice, of the Litigation, Defendants agree to provide Plaintiff with a payment in the aggregate amount of $42,000, payable 21 days after Court approval of this agreement, which shall be delivered to Michael Faillace, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 2540, New York, New York 10165. The settlement payment shall be by check made payable to Michael Faillace & Associates, P.C., as attorneys for Plaintiff.

    Plaintiff acknowledges and agrees that the payments and benefits in this Section 3 are in full and final settlement and satisfaction of the claims asserted or that could have been asserted in the Litigation and the Released Parties' obligations under any compensation, deferred compensation or similar agreements or arrangements and all amounts otherwise due, if any, on

account of Plaintiffs' employment with Grab N Go. Plaintiff acknowledges that Plaintiff is not otherwise entitled to receive this payment, which exceeds anything of value to which they are otherwise entitled from the Released Parties, and acknowledges that nothing in this Agreement shall be deemed to be an admission of liability on the part of any of the Released Parties. Plaintiff agrees that Plaintiff will not seek anything further from any of the Released Parties. Plaintiff and the Released Parties further acknowledge that they will be solely responsible for their respective legal fees and expenses in connection with the Litigation and Agreement. Plaintiff acknowledges that payments pursuant to this Section are conditional on dismissal of the Litigation, as set forth in Section 6.

4. <u>Tax Liability</u>. Plaintiff and Michael Faillace & Associates, P.C. ("Plaintiff's Counsel) acknowledge and agree they have not relied upon the advice of any of the Defendants, or any of the Defendants' attorneys, regarding the taxability of the amounts to be paid under this Agreement.

5. <u>Dismissal of the Litigation</u>. Plaintiff agrees that he shall direct their counsel to sign and return to counsel for Defendants the Stipulation of Dismissal With Prejudice attached hereto as Schedule A. Plaintiff further agrees to instruct his counsel to take any and all other necessary steps to dismiss with prejudice and without costs and fees the Litigation. This Agreement and the related payments are expressly contingent upon the Court So Ordering the Stipulation of Discontinuance, in the form attached at Schedule A, thereby approving the Agreement and dismissing the Litigation with prejudice.

6. <u>Construction of Agreement</u>. In the event that one or more of the provisions contained in this Agreement shall for any reason be held unenforceable in any respect under the law of any state of the United States or the United States, such unenforceability shall not affect any other provision of this Agreement, but this Agreement shall then be construed as if such unenforceable provision or provisions had never been contained herein. If it is ever held that any restriction hereunder is too broad to permit enforcement of such restriction to its fullest extent, such restriction shall be enforced to the maximum extent permitted by applicable law. This Agreement and any and all matters arising directly or indirectly herefrom shall be governed under the laws of the State of New York without reference to choice of law rules. Defendants and Plaintiff consent to the sole jurisdiction of the U.S. District Court for the ~~Southern~~ Eastern District of New York or the New York State Supreme Court, New York County. **THE DEFENDANTS AND PLAINTIFFS HEREBY WAIVE THEIR RESPECTIVE RIGHT TO TRIAL BY JURY IN ANY ACTION CONCERNING THIS AGREEMENT OR ANY AND ALL MATTERS ARISING DIRECTLY OR INDIRECTLY HEREFROM AND REPRESENT THAT THEY HAVE CONSULTED WITH COUNSEL OF THEIR CHOICE OR HAVE CHOSEN VOLUNTARILY NOT TO DO SO SPECIFICALLY WITH RESPECT TO THIS WAIVER.** *[initialed: PK]*

7. <u>Acknowledgments</u>. Defendants and Plaintiff acknowledge and agree that:

(A) By entering into this Agreement, Plaintiff does not waive any rights or Claims that may arise after the date that the parties execute this Agreement, including, but not limited to, the right to enforce the terms of this Agreement;

3

(B) This Agreement shall not affect the rights and responsibilities of the Equal Employment Opportunity Commission (the "EEOC") or similar federal or state agency to enforce the ADEA and other laws, and further acknowledge and agree that this Agreement shall not be used to justify interfering with Plaintiff's protected rights to file a charge or participate in an investigation or proceeding conducted by the EEOC or similar federal or state agency. Accordingly, nothing in this Agreement shall preclude Plaintiff from filing a charge with, or participating in any manner in an investigation, hearing or proceeding conducted by the EEOC or similar federal or state agency, but Plaintiff hereby waives any and all rights to recover under, or by virtue of, any such investigation, hearing or proceeding; and

(C) Notwithstanding anything set forth in this Agreement to the contrary, nothing in this Agreement shall affect or be used to interfere with Plaintiff's protected rights to test in any court, under the Older Workers' Benefit Protection Act, or like statute or regulation, the validity of the waiver of rights under ADEA set forth in this Agreement.

[SIGNATURES APPEAR ON NEXT PAGE]

4

Agreed to and accepted on this __3__ day of May, 2016.

_____
Joanci Omar Camacho Rivera

Agreed to and accepted on this __5__ day of May, 2016.

**ISLAND GAS PLUS INC. (D/B/A GRAB N GO MINI MART):**

BY: _____

Agreed to and accepted on this __5__ day of May, 2016.

_____
Ismet Hamzacebi

Agreed to and accepted on this __5__ day of May, 2016.

_____
Yildiray Hamzacebi

5